## ED JACKSON *v.* THE STATE.

1. PROOF OF MARRIAGE. — Except in trials for the several offences grouped under the head of "Unlawful Marriages" in the Penal Code, the marriage of the defendant, if it be a fact germane to the issue, may be proved as at common law, — *i.e.,* by general reputation in the community, cohabitation, declarations, and the like.
2. EVIDENCE. — The Code of Criminal Procedure adopts the common-law rules of evidence, except such as conflict with the statutory law of this State.

APPEAL from the District Court of Brazos. Tried below before the Hon. S. FORD.

The opinion sufficiently indicates the facts. The indictment and conviction were for assault to murder one George Sharp, and two years in the penitentiary were assessed as the punishment. The parties were negroes.

No brief for the appellant.

*Thomas Ball,* Assistant Attorney-General, for the State.

WINKLER, J. From the evidence it appears that the difficulty between the appellant and the person upon whom the assault is alleged to have been committed grew out of a controversy over a woman claimed to be the wife of the appellant, and who, the testimony tends to show, had left her husband and hired herself to the employer of the assaulted party, to pick cotton, and that appellant had gone in pursuit of her when the assault, if any, was committed. On the trial below, counsel for the defendant requested the court to charge the jury "that marriage may be proved by common reputation in the community where the parties reside, and are recognized by the community as man and wife;" which the court refused to do. The defendant was convicted.

In the defendant's amended motion for a new trial, he

urged as a reason for granting it the discovery, since the trial, of new and important testimony for his defence. The affidavits of the defendant and of two witnesses mentioned in the defendant's amended motion are appended. These affidavits, it is contended, do not bring the application clearly up to the full meaning of the rules of law relating to the granting of new trials on account of newly discovered evidence, so as to stand alone as a precedent; but, when considered with reference to and in connection with the the meagre and conflicting testimony upon which the conviction rested, it seems to us that the ends of justice demanded the granting of a new trial, under all the circumstances surrounding the defendant at the time.

The charge asked by the defendant and refused by the court should not, we are of opinion, have been given in the form it was asked; yet, inasmuch as the attention of the court was called to the subject, the court should have so modified it as to present the question to the jury correctly, as part of the law. Code Cr. Proc., art. 679; *McMahon* v. *The State*, 1 Texas Ct. App. 102.

It is true that by the Penal Code, in trials for offences classed under the general head of Unlawful Marriages, embraced in art. 324 to 327 inclusive, it is declared in art. 328, that, "in trials for the offences named in the preceding articles of this chapter, proof of marriage by mere reputation shall not be sufficient." But this does not belong to that class of offences, and the question must be determined by the rules of evidence applicable to the general subject. Among the general rules relating to evidence in criminal trials, we have the following provisions of the Code of Procedure:—

"Art. 725. The rules of evidence known to the common law of England, both in civil and criminal cases, shall govern in the trial of criminal actions in this State, except when they are in conflict with the provisions of this Code, or of some statute of the State.

"Art. .726. The rules of evidence prescribed by the statute law of this State in civil suits shall, so far as applicable, govern also in criminal actions, when not in conflict with the provisions of this Code or of the Penal Code."

Marriage, says Mr. Greenleaf (2 Greenl. on Ev., sect. 462), may be proved in civil cases, other than seduction, by reputation, declarations, and conduct of the parties, and other circumstances usually accompanying that relation. If it was matter of any consequence to the defendant to have the question of his marriage considered by the jury at all, we are of opinion he was entitled to have the jury instructed that, in the case on trial, marriage could be proved by common reputation, the declarations of the parties, or by the fact that their conduct was that of husband and wife, or other circumstances usually accompanying the relation of husband and wife.

For these errors the judgment should be reversed and the case remanded for a new trial, and it is so ordered.

*Reversed and remanded.*